(No. 36605.—

ANNA M. TRZEBIATOWSKI, Appellee, *vs.* WILLIAM C. JEROME, Appellant.

*Opinion filed January 23, 1962.*

GRAHAM & McELLIGOTT, of Chicago, (WILLIAM C. WINES, ERRETT O. GRAHAM, and JOHN A. McELLIGOTT, of counsel,) for appellant.

EDGAR J. ELLIOTT, of Wheaton, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

In a prior appeal in this cause we reversed a decree for the plaintiff, Anna M. Trzebiatowski, and remanded the cause to the circuit court of Du Page County with directions that additional evidence be heard. (*Trzebiatowski* v. *Jerome,* 19 Ill.2d 30.) Upon remandment, however, the chancellor who had heard the evidence in the original proceeding granted a change of venue on the ground of prejudice, an action which has not been challenged and which had the inevitable effect of requiring a trial *de novo.* The matter was assigned to a new judge who, over proper and strenuous objection by defendant, permitted plaintiff to introduce into evidence the transcript of the proceedings at the original hearing even though there was no showing plaintiff's witnesses were not available on the second trial. Thereafter, plaintiff rested, and the defendant introduced additional testimony and evidence; after which a decree was again entered for the plaintiff. A freehold being involved, defendant has appealed directly to this court.

Under the circumstances reflected in the record it was error for the second chancellor to admit the transcript of the first proceeding into evidence and to consider it as a basis of decision. The full hearing contemplated by due

process of law contemplates that all of the evidence should be submitted before a single judge or master who may see the witnesses, weigh their testimony and determine their credibility. (*People ex rel. Reiter* v. *Lupe,* 405 Ill. 66; *Mills* v. *Ehler,* 407 Ill. 602; *Buchsbaum & Co.* v. *Federal Trade Com.* (7th cir.) 153 F.2d 85; *Smith* v. *Dental Products Co.* (7th cir.) 168 F.2d 516.) It was the clear duty of the chancellor here to conduct a trial *de novo.*

Accordingly, the decree of the circuit court of Du Page County is reversed, and the cause is remanded with directions to have a trial *de novo.*

*Reversed and remanded, with directions.*