HARRISON G. HARPER, JR., Plaintiff-Appellant, v. PAUL JOHNSON Indiv. and d/b/a Land of Lincoln Real Estate Investments, Ltd., Defendant-Appellee.

Second District   No. 77-161

Opinion filed June 23, 1978.

Michael T. Nigro, of Kalinich, McClusky & Mehling, of Glen Ellyn, for appellant.

Harvey Goldstein and Erwin B. Neiman, both of Chicago, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Harrison G. Harper, Jr., sued "Land of Lincoln Real Estate Investments, Ltd." (hereafter "Land of Lincoln") and Paul Johnson, as the "owner" of Land of Lincoln, to recover $30,300 alleged to have been deposited in escrow with Land of Lincoln, and subsequently "withdrawn and converted for personal uses." After a bench trial, the court entered judgment for the defendants, and Harper appeals, contending that (1) the judgment was against the manifest weight of the evidence and (2) the court abused its discretion in denying Harper's post-judgment motion to reopen proofs.

At trial, plaintiff's counsel presented only two witnesses: plaintiff, Harper, and defendant, Johnson, who was called to testify pursuant to section 60 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110,

par. 60). Harper first became familiar with Land of Lincoln when Elaine Dice, a real estate saleswoman, contacted him, and expressed a desire to sell some apartments for him. Harper testified that "Elaine Dice worked for Land of Lincoln Real Estate." On March 19, 1975, Harper made a written offer to purchase certain apartment buildings. The offer, which was admitted into evidence, was typed on stationery having a Land of Lincoln letterhead. Harper also gave Elaine Dice a cashier's check for $50,000 as earnest money. Later, Harper learned that the income from the apartment buildings had been misrepresented; he therefor revoked his offer and contacted Elaine Dice, demanding the return of the earnest money. After sometime, Elaine Dice returned $19,700 in cash, but the balance of $30,300 was never returned. Harper admitted that although he realized at some point that Elaine Dice was "just a salesman" and that "there was a broker involved" in Land of Lincoln, he did not know the name of the broker. When asked if he had ever demanded of Paul Johnson that the $30,300 be returned, he replied that he "didn't know," but that he "made a demand on Elaine Dice."

During the section 60 examination of Paul Johnson, various details were elicited regarding the business relationship between Johnson and Dice. Johnson testified that he and Elaine Dice entered into an agreement to establish Land of Lincoln in December of 1974. Elaine Dice selected the name "Land of Lincoln" and Johnson agreed to the use of that name. Elaine Dice did not have a broker's license, but was licensed as a salesman, under her husband's name; Johnson testified that Land of Lincoln was "run under" Johnson's broker's license. A certification from the Department of Registration and Education, which was admitted into evidence, showed that Johnson had a real estate broker's certificate and gave a business address for Johnson identical to the address on the Land of Lincoln letterhead. Johnson and Elaine Dice agreed to share the profits of Land of Lincoln, with Johnson receiving 10%. Although Johnson testified that Land of Lincoln was "never really formed" and "never transacted any real estate business," he admitted that under his agreement with Elaine Dice "she was to go out and try to get some listings." Johnson also admitted that he participated in the "control" of Land of Lincoln, and supervised the office, spending 15 to 20 hours per week there. He stated that, while he was in the office, Elaine Dice would be making phone calls, trying to get listings, and that she would keep him informed as to whom she was contacting. Johnson had no idea where the business records of Land of Lincoln were, and had been unable to find Elaine Dice. However, he did recall that an escrow account had been set up for Land of Lincoln, although he had no knowledge of any deposit by Harper.

At the close of plaintiff's case, counsel for Harper moved for the admission into evidence of a carbon copy of the cashier's check for

$50,000, which Harper had given to Elaine Dice. An objection was made, and the trial judge asked counsel for Harper where the original of the check was, whether the bank got the original of the check back, and whether it had been paid. Counsel responded that he did not know for certain, and plaintiff Harper interjected that he had tried to get the original check from the bank, but they had refused to give it to him. The trial court ruled that the carbon copy was secondary evidence, and sustained defendant's objection to its admission. Counsel for Harper then rested the plaintiff's case.

Johnson testified on his own behalf, stating that he and Elaine Dice were trying to start Land of Lincoln after she completed "closing up her own business." Under cross-examination, Johnson stated that although he had never ordered stationery for Land of Lincoln, he had seen stationery with the Land of Lincoln letterhead.

The trial court, in entering judgment for the defendant, found that an agency had not been proven by a preponderance of the evidence, but "only by inference or implication." A motion was subsequently filed on behalf of Harper, asking that the proofs be reopened so that Harper could present the original of the cashier's check for $50,000 which Harper had given to Elaine Dice, and proofs regarding the deposit of the check. A copy of the check was attached to the motion; the check was made out to "Land of Lincoln Real Estate" and contained the endorsement "For deposit only—Land of Lincoln Real Estate, Inv." The check was stamped by the bank indicating that it had been deposited. The trial court denied the motion to reopen the proofs.

■■ On appeal, Harper argues that the judgment was against the manifest weight of the evidence since the evidence proved that Johnson and Elaine Dice were partners and that the necessary agency was therefore established. While uncontroverted evidence that Johnson and Elaine Dice agreed to share profits provided a fundamental indicia of the existence of a partnership (*e.g.*, 29 Ill. L. & Prac. *Partnership* §17 (1957)), the crucial question involved whether or not Elaine Dice was Johnson's agent, and not the narrower question of partnership. An agency relationship arises when a party "confides to another the management of some business to be transacted in the former's name or on his account * * *." (3 Am. Jur. 2d *Agency* §1 (1962).) Regardless of whether Johnson and Elaine Dice were partners, or joint adventurers, or whether Elaine Dice was merely Johnson's employee, proofs established that Johnson agreed that she was to operate under his broker's license, obtaining listings, acting as a real estate salesperson, and managing the Land of Lincoln office for the benefit of both Johnson and Elaine Dice. It is thus clear that when she acted within the scope of her position with Land of Lincoln she acted as an agent for Johnson.

■■ However, the proof that Elaine Dice was acting within the scope of her position with Land of Lincoln when she dealt with Harper is less satisfactory. There was testimony that Elaine Dice was transacting business unrelated to Land of Lincoln, at least to the extent of "closing up" her former real estate business (a process which Johnson contends she never completed). Although Harper outlined his dealings with Elaine Dice with relative clarity, there was very little testimony linking the particular transaction in question with Land of Lincoln. The prime evidentiary link between Land of Lincoln and Harper's deposit of $50,000, in the trial record, was the copy of Harper's offer of purchase, which was admitted into evidence; the offer was typed on Land of Lincoln stationery, and contains a reference to a listing which Land of Lincoln apparently held on other property owned by Harper. However, there was no testimony as to who prepared the offer, which was not signed by Johnson or Elaine Dice. Although Harper did testify that Elaine Dice "worked for" Land of Lincoln, such a statement was, in the context of this case, in the nature of a conclusion of the witness. Thus, on the evidence admitted at trial, the trial court could have found that Harper failed to prove that Elaine Dice was acting for Land of Lincoln, and not independently or on behalf of another company, when she obtained the $50,000 from Harper. Under these circumstances, we do not feel compelled to hold that the trial court's judgment was against the manifest weight of the evidence.

The question of whether the trial court erred in refusing to allow the proofs to be reopened for the admission of the cashier's check which Harper testified he gave Elaine Dice, thus assumes a critical importance. If the check was properly authenticated and admitted into evidence it would conceivably provide an undeniable link between the transaction at issue, and Elaine Dice's position with Land of Lincoln.

■■ In *People ex rel. J. Hillis Boos v. St. Louis, Iron Mountain & Southern Ry. Co.* (1917), 278 Ill. 25, 28-29, the court stated that:

> "* * * It must be remembered that courts are instituted for the administration of justice, and that the matter of the order of proof and allowing a case to be opened up for taking further evidence rests in the sound judicial discretion of the court * * *. [Citations.] Where the cause is tried before the court without a jury, as in the case at bar, greater liberty should be allowed in such matter and such leave should not be refused except for the most cogent reasons."

While the court also states that the matter of reopening proofs is within the sound judicial discretion of the trial court, we believe that the trial court's refusal to grant the motion to reopen proofs in this case, was an abuse of discretion. Plaintiff Harper supplied some excuse for the failure

to produce the original of the cashier's check which he had given Elaine Dice, when he stated that the bank had refused to give it to him. The defendant, Johnson, could hardly claim to have been surprised or unfairly prejudiced by the subsequent production of the original check, since the transfer of the check to Elaine Dice constituted the very basis for the lawsuit. The evidence was of the utmost importance to Harper's case and, since the case was heard by the court without a jury, only a very minor inconvenience in the administration of the court and its docket would have resulted from granting the motion to reopen the proofs. In the absence of "the most cogent reasons" for the denial of the motion to reopen the proofs, the trial court's failure to grant the motion constituted reversible error. *Cf. Corzine v. Keith* (1943), 384 Ill. 435.

In view of the error in denying the motion to reopen proofs, and the fact that the trial judge who heard this cause has since retired, we have no choice but to reverse the trial court's judgment and remand this cause for a new trial. *Trzebiatowski v. Jerome* (1962), 24 Ill. 2d 24.

Reversed and remanded.

GUILD and NASH, JJ., concur.