WESTERN TRANSPORTATION CO., Plaintiff-Appellant, *v.* REPUBLIC MOLDING CORPORATION, Defendant-Appellee.

First District (1st Division)    No. 80-2909

Opinion filed March 15, 1982.

Abraham A. Diamond and Steven C. Weiss, both of Chicago, for appellant.

James L. Alexander, of Ashcraft & Ashcraft, of Chicago, for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Western Transportation Co., brought this action seeking to recover approximately $1,500 which is the balance that plaintiff claimed was owed by defendant, Republic Molding Corporation, for shipment of defendant's products. The circuit court of Cook County entered judgment in favor of plaintiff in the amount of $9.99. On appeal, plaintiff contends that: (1) the trial court erred in its ruling that plaintiff failed to meet its burden of proof with respect to certain portions of the complaint and (2) the trial court erred in denying plaintiff's motion to reopen the case for submission of further evidence, to compel defendant to produce documents and to direct defendant to produce an officer or employee of defendant for purposes of further testimony.

For the reasons set forth herein, we affirm.

Defendant, Republic Molding Corporation, is a manufacturer of plastic products and from time to time utilized plaintiff, Western Transportation Co., to transport its products to various customers in Illinois, Iowa and Indiana. In 1978, plaintiff filed a petition for reorganization under chapter XI of the Bankruptcy Act. The bankruptcy court appointed an auditor to ascertain whether any claims existed for freight charges. (See *Western Transportation Co. v. Terminal Freight Cooperative Association* (1981), 102 Ill. App. 3d 469, 429 N.E.2d 1264.) Following an audit of plaintiff's records, plaintiff brought this action seeking to recover monies which allegedly were owed to it by defendant. The basis for plaintiff's claim was that defendant had misdescribed goods which defendant had shipped via plaintiff and that, as a result of the misdescription of goods, defendant owed plaintiff an additional $1,515.43 in shipping costs.

During trial, plaintiff introduced 27 shipping orders, a work sheet indicating the amount that plaintiff claims that it is entitled to recover, an invoice and a packing slip. Following testimony and closing arguments, the court took the case under advisement and requested the parties to brief the issue of which party had the burden of proof. Subsequently,

plaintiff's motion to reopen discovery and to compel plaintiff to produce documents and to produce witnesses was denied by the court.

On October 22, 1980, the court entered its ruling and judgment in which it determined that a bill of lading is *prima facie* proof of the goods shipped and that this presumption should apply in the instant case where adequate discovery procedures were available. The court found that defendant had misdescribed three shipments, but that plaintiff failed to establish its damages for two of the shipments and that plaintiff had failed to establish that defendant had misdescribed any of the other shipments as claimed by plaintiff. The court noted that plaintiff failed to utilize discovery procedures which were available to it and that plaintiff did not demonstrate to the court that defendant was required to produce documents or witnesses requested by plaintiff without plaintiff's use of proper discovery procedures. The court entered judgment in favor of plaintiff in the amount of $9.99 which represented the balance due plaintiff for the one misdescribed shipment for which plaintiff proved the amount of its damages.

Plaintiff first argues that the trial court erred in its ruling that plaintiff failed to meet its burden of proof as to all 27 shipping orders. Plaintiff concedes that a bill of lading is *prima facie* proof of the shipped goods described on the bill. (*Bissel v. Price* (1855), 16 Ill. 408.) Plaintiff also concedes that it has the burden of proof to show that the goods described on the bill of lading are different from the goods actually shipped. Plaintiff urges that since it showed that defendant misdescribed three shipments, then the burden shifted to defendant to establish that the goods properly were described for the remaining shipments involved in this action. Plaintiff argues that where the party who does not have the general burden of proof has sole possession of positive and complete knowledge which may be in the form of documents or oral testimony and which concerns the existence of facts which the party having the burden must disprove or negate, then the burden rests upon the possessor of the evidence to produce such evidence. (See *Abhau v. Grassie* (1914), 262 Ill. 636, 104 N.E. 1020; *Shumak v. Shumak* (1975), 30 Ill. App. 3d 188, 332 N.E.2d 177.) Plaintiff claims that since it is required to negate the description of goods on the bills of lading and that since defendant is in possession of knowledge of the actual goods shipped and supporting documents, then the burden of coming forward with evidence to refute plaintiff's claims shifts to defendant once plaintiff introduces sufficient evidence to afford the court reasonable grounds for presuming that the remaining shipments were misdescribed. See *Shumak v. Shumak*; *In re Estate of Sandusky* (1943), 321 Ill. App. 1, 52 N.E.2d 285.

■■ As plaintiff correctly concedes, a bill of lading is *prima facie* proof of the shipped goods described on the bill. (*Bissel v. Price*; see *Illinois*

*Central R.R. Co. v. Cobb, Blaisdell & Co.* (1874), 72 Ill. 148.) The trial court found that plaintiff had overcome this presumption for only one shipment of the 27 shipments at issue in this case. The court refused to speculate as to which, if any, of the remaining 26 shipments were misdescribed on the basis of the proof submitted by plaintiff. On appeal, plaintiff's theory appears to be that since it has shown that three shipments were misdescribed, although only one of the three shipments was at issue in this action, and since it has shown the previous misdescribed shipments, there is created the probability that the remaining shipments were misdescribed. Plaintiff suggests that because defendant has knowledge of whether the remaining shipments properly were described, it should be required to come forward with evidence to refute this probability that plaintiff argues it created. Plaintiff, it seems, views the shipments made by defendant to be a part of a single transaction when, in fact, the incomplete report of proceedings which was filed in this cause supports the conclusion that each of these shipments was a separate transaction. Since plaintiff has failed to file a complete report of proceedings, we must presume that the trial court was correct in its decision and that its decision was supported by the evidence. (See *Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1981), 98 Ill. App. 3d 518, 424 N.E.2d 758; *Marshall E. Winokur, Ltd. v. Shane* (1980), 89 Ill. App. 3d 551, 411 N.E.2d 1142.) Accordingly, we affirm the trial court's finding for plaintiff on one of the 27 shipments at issue.

Plaintiff next contends that the trial court erred when it refused to reopen the case for submission of additional evidence which plaintiff sought to obtain through court-ordered discovery and when it denied plaintiff's motion to compel the production of documents and witnesses. Plaintiff argues that the reopening of a case for submission of additional evidence is within the sound discretion of the trial court (*People ex rel. Boos v. St. Louis, Iron Mountain & Southern Ry. Co.* (1917), 278 Ill. 25, 115 N.E. 854), and that in this case, the trial judge abused his discretion because the evidence which plaintiff sought to submit was material to its case. (See *Gunderson v. First National Bank* (1938), 296 Ill. App. 111, 16 N.E.2d 306.) Plaintiff contends that when trial is by the court without a jury, a court should not refuse to reopen the case except for the most cogent reasons. See *Harper v. Johnson* (1978), 61 Ill. App. 3d 190, 377 N.E.2d 1288.

We have reviewed the record and arguments of plaintiff and are not convinced that the trial court abused its discretion when it refused to reopen the case for submission of additional evidence. (See *Blackwell v. City National Bank & Trust Co.* (1980), 80 Ill. App. 3d 188, 399 N.E.2d 326.) Unlike the situation presented in *Harper v. Johnson*, plaintiff in this cause did not provide the court with a reasonable excuse as to its failure to

submit the additional evidence during trial. Similarly, plaintiff has not persuaded us that the trial court abused its discretion in denying plaintiff's motion to compel the production of documents and witnesses which was made following the close of the case. See *Miceikis v. Field* (1976), 37 Ill. App. 3d 763, 347 N.E.2d 320.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.