OURANIA K. GLEASON, Plaintiff-Appellee, v. JON M. CARTER, Defendant-Appellant and Counterplaintiff (Fred N. Ranck, Defendant and Counterdefendant).

Second District   No. 2—90—0934

Opinion filed April 16, 1991.

John M. Carter and Raymond M. Blacklidge, both of Grief, Bus & Blacklidge, and Robert A. Mankivsky, both of West Chicago, for appellant.

David Drenk and Christopher J. Stoll, both of Leoris & Cohen, P.C., of Highland Park, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

After a jury trial limited to the issue of damages, plaintiff, Ourania K. Gleason, was awarded $10,544 as damages against defendant, Jon M. Carter. The trial court also granted plaintiff's post-trial motion for costs and taxed $689.85 as costs against defendant. Jon Carter's sole issue on appeal is whether the circuit court erred in awarding $148 as costs to plaintiff for the transcription of defendant's deposition taken by plaintiff. We affirm.

This incident arose out of a car accident that occurred on May 21, 1987, in Glen Ellyn, Illinois. Plaintiff filed suit against defendant claiming negligence.

The cause was set for trial on June 18, 1990. On June 12, 1990, plaintiff served defendant with a Supreme Court Rule 237(b) (134 Ill. 2d R. 237(b)) notice to produce defendant at trial. Defendant apparently lived in Georgia. Shortly after plaintiff served its Supreme Court Rule 237(b) notice, plaintiff paid $148 to have defendant's January 19, 1990, deposition transcribed.

On the morning of the trial, defendant's attorney related defendant would not be complying with the Supreme Court Rule 237(b) notice to produce at trial and would not be appearing for trial, and, therefore, defendant was admitting liability. Thus, the jury trial on June 18 and 19, 1990, was concerned only with the amount of damages. On June 20, 1990, the jury awarded plaintiff damages in the amount of $10,544.

On July 17, 1990, plaintiff filed a post-trial motion in which she asked for costs of $689.85. Included in this amount was the sum of $148—the amount paid to have defendant's deposition transcribed prior to trial. On August 2, 1990, the trial court granted plaintiff's post-trial motion to tax certain costs against defendant which included the $148 transcription fee. The defendant timely appealed.

The defendant's sole issue upon appeal is whether the trial court abused its discretion in taxing defendant with the $148 incurred by plaintiff for transcribing defendant's deposition.

■ At common law, a successful litigant was not allowed to recover from his opponent the cost of pursuing his litigation. (*Galowich v. Beech Aircraft Corp.* (1982), 92 Ill. 2d 157, 162 (*Galowich I*).) Therefore, there must be statutory authority before costs may be allocated to the losing party, and any costs that are assessed are limited to those specifically allowed by statute. (*Galowich*, 92 Ill. 2d at 162.) Under section 1—105 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 1—105), the supreme court may provide by rule for the assessment of costs. Supreme Court Rule 208(d) (134 Ill. 2d R. 208(d)) provides that a trial court may in its discretion tax deposition "fees and charges" as costs.

■ In *Galowich I*, the supreme court interpreted Supreme Court Rule 208(d) "as authorizing the trial court to tax as costs, in its discretion, the expenses only of those depositions *necessarily used* at trial." (Emphasis added.) (*Galowich*, 92 Ill. 2d at 166.) In *Galowich I* the plaintiffs voluntarily dismissed their suit prior to trial, but the trial court still taxed the plaintiffs with the cost of defendant's depositions. The supreme court refused to allow the plaintiffs to be taxed with defendant's deposition

costs. The court reasoned the depositions were not necessary for use at trial because there was no trial.

*Galowich I* has been continually cited in cases where a plaintiff has voluntarily dismissed suit prior to trial. See *In re Petition of the Village of Kildeer to Annex Certain Territory* (1989), 191 Ill. App. 3d 713; *Howell v. Thompson* (1987), 161 Ill. App. 3d 466.

Defendant argues, although there was a trial, defendant never testified and, therefore, the deposition was never used. Thus, under *Galowich I*, the defendant argues the defendant's deposition was not "necessarily used" at trial and the trial court abused its discretion in taxing the cost of the deposition against the defendant.

■ The award of costs and fees will not be disturbed on review unless it is a clear abuse of discretion. (*Perlman v. Time, Inc.* (1985), 133 Ill. App. 3d 348, 355.) Supreme Court Rule 208(d) specifically states that a trial court has discretion in taxing the cost of depositions. Even *Galowich I*, while narrowing a trial court's discretion under Supreme Court Rule 208(d), still recognizes that a trial court has discretion in taxing those costs of depositions necessarily used at trial.

Defendant cites cases in which the causes did go to trial. In these cases the trial courts taxed the losing parties with the cost of their opponents' depositions. However, on appeal the appellate court reversed the trial courts' decisions. Thus, defendant argues, the trial court's decision in this cause was "contrary to established law and should be reversed."

In *Falkenthal v. Public Building Comm'n* (1982), 111 Ill. App. 3d 703, the trial court seemed unwilling to tax the defendant with the cost of depositions when they were only described as discovery depositions by the plaintiff. However, the court did not specifically decide whether the cost could be taxed against the defendant because the court determined that the plaintiff's request for costs had been too vague at the trial court level for the trial court to make a proper determination and, therefore, vacated the order awarding costs and remanded the cause for further proceedings to determine whether the costs were properly documented and supported by statute or a court rule.

In *Galowich v. Beech Aircraft Corp.* (1991), 209 Ill. App. 3d 128 (*Galowich II*), the Appellate Court for the First District made a more detailed determination of what the supreme court meant by the word "necessary." In *Galowich II*, the plaintiffs from *Galowich I* refiled their lawsuit, and, after a trial on the merits, the court entered judgment for the defendants. The defendants then filed a motion which in part asked for the cost of their depositions to be taxed against the plaintiffs. The trial court granted this motion. However, the appellate court held that, although the defendant had used the depositions during trial for impeachment purposes, the

appellate court was not going to adopt a rule stating that because depositions were used for impeachment purposes, the depositions became *"ipso facto* necessary." (*Galowich*, 209 Ill. App. 3d at 142.) The court held that the trial court still needed to make an independent determination that the deposition was necessary.

In the case at bar, the trial court did make an independent determination that the deposition was necessary. The trial court wrote an opinion letter explaining why it had taxed the cost of transcribing the deposition to defendant. In it, the trial court explained that the "defendant's deposition was 'used' and 'necessary' because the plaintiff could have read admissions from the discovery deposition in the absence of the defendant but that was obviated by the defendant's consent to liability." The trial court was concerned that defendant had violated the Supreme Court Rule 237(b) notice to produce at trial and, but for this violation, defendant's deposition would have been *used and necessary* during defendant's testimony.

■ Under the narrow circumstances of the facts of this case we do not find that the trial court abused its discretion. The trial court made a finding that defendant's deposition was *used and necessary* at trial and only because defendant violated his Supreme Court Rule 237(b) notice to produce at trial and admitted liability to avoid the sanctions for noncompliance was the deposition not actually "used." This holding does not violate the holding in *Galowich I* because, as we noted above, *Galowich I* does not deprive a trial court of discretion and because, consistent with *Galowich I*, the trial court reasonably determined the deposition was "necessarily used."

We further note that the supreme court in *Galowich I* stated, as one of its policy reasons for limiting the discretion of a trial court in taxing deposition costs against an opponent, that it wanted to avoid the situation where parties took unnecessary discovery depositions and then under the provisions of Supreme Court Rule 208(d) forced the opposing party to pay for them. (See *Galowich*, 92 Ill. 2d at 167.) Here, we have the opposite side of the problem. Defendant, by violating his Supreme Court Rule 237(b) notice to produce at trial and admitting liability to avoid sanctions, forced plaintiff to incur unnecessary expenses in preparing for what plaintiff believed would be defendant's compliance with Supreme Court Rule 237(b). Therefore, the trial court's exercise of discretion is not in conflict with the spirit of *Galowich I*. Clearly, we are loath to find that a deposition of defendant, transcribed at the last moment in anticipation of use at trial, is suddenly rendered unnecessary because of the defendant's refusal to appear and testify in violation of Supreme Court Rule 237(b) (134 Ill. 2d R. 237(b)).

■ Finally, defendant argues that, in allowing plaintiff to recover the costs of defendant's deposition, this court would adopt a "speculative use" standard since we and the trial court would be speculating on how the deposition would have been used. A "speculative use" standard is exactly what defendant is asking us to employ. We are being asked to speculate as to the trial court's assessment of the situation and whether the deposition would not have been "used" contrary to the trial court's determination. Inasmuch as defendant created this scenario by refusing to appear to testify after the transcript was prepared, we deem this argument as an attempt to allow a party to benefit from his own violation of the supreme court rules and is improper.

The context of our review is whether the trial court abused its discretion within the confines of *Galowich I*, and we find that it did not.

Therefore, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and INGLIS, JJ., concur.