DAWN WOOLVERTON, Plaintiff-Appellee, v. MARIAH McCRACKEN, Defendant-Appellant.—GENEVIEVE EHRHART, Plaintiff-Appellee, v. JACLYN M. HALEMEYER, Defendant-Appellant (Frederick Andrew Reavill *et al.*, Defendants).

Fifth District    Nos. 5—99—0237, 5—99—0573 cons.

Opinion filed April 25, 2001.

John M. Heyl, of John M. Heyl & Associates, of Belleville, for appellant Mariah McCracken.

Richard E. Boyle, of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellant Jaclyn M. Halemeyer.

Eric Deitz, of Wiseman, Hesi, Mormino, Hubbs, Velloff, Edmonds & Snider, P.C., of Alton, for appellees Dawn Woolverton and Genevieve Ehrhart.

JUSTICE GOLDENHERSH delivered the opinion of the court:

In separate lawsuits filed in the circuit court of Madison County, plaintiff Dawn Woolverton obtained a judgment for damages in the amount of $9,319.63 against Mariah McCracken, and plaintiff Genevieve Ehrhart obtained a judgment for damages in the amount of $2,898.40 against Jaclyn M. Halemeyer, Frederick Andrew Reavill, and Ecolab, Inc. The same trial judge presided over both cases. In each case, the plaintiff filed a posttrial motion for costs, requesting that certain costs be taxed against the defendant or defendants, including costs in the form of treating physicians' hourly fees for giving evidence depositions used at the trial. The defendants objected to the plaintiffs' requests to tax as costs the fees charged by the plaintiffs' treating physicians. In the Woolverton case, the trial court awarded the plaintiff $800 for the professional witness fees of Dr. Knapp ($500) and Dr. Cheely ($300). In the Ehrhart case, the trial court awarded the plaintiff $1,200 for the professional witness fees of Dr. Randall Rogalsky ($600) and Dr. Judson Martin ($600). McCracken and Halemeyer (defendants) filed timely notices of appeal objecting to the awards to Woolverton and Ehrhart (plaintiffs) of the costs of the treating physicians' evidence deposition fees. Upon the motion of plaintiffs, cause No. 5—99—0237 (Woolverton) and cause No. 5—99—0573 (Ehrhart) have been consolidated for appeal. The issue in each case is whether the trial judge erred in awarding as costs the fees charged by the plaintiff's treating physicians for giving evidence depositions used at the trial. We affirm.

## ANALYSIS

Defendants contend that the money paid by plaintiffs to their treating physicians for the time spent giving evidence depositions so that the physicians would not have to appear at the trial was an ordinary expense of litigation, not taxable as costs. Defendants insist that there is no statutory authority or case law that allows for the taxing of costs for the time of plaintiffs' treating physicians in giving their evidence depositions. Plaintiffs reply that the trial judge's determination to allow plaintiffs to recover from defendants the professional witness fees of plaintiffs' treating physicians was not an abuse of discretion. Plaintiffs submit that the circumstances surrounding the giving of an evidence deposition are not inherently different from

the circumstances surrounding a discovery deposition and that taxing the professional fees of plaintiffs' treating physicians for the time they spent giving their evidence depositions is within the spirit and intent upon which Supreme Court Rule 204 (166 Ill. 2d R. 204) and Supreme Court Rule 208 (134 Ill. 2d R. 208) are premised.

The Illinois Supreme Court has defined costs as "allowances in the nature of incidental damages awarded by law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of his rights in court." *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 165-66, 441 N.E.2d 318, 321 (1982) (*Galowich I*). Defendants correctly point out that, at common law, a successful litigant was not allowed to recover the costs of litigation from his opponent (*Galowich I*, 92 Ill. 2d at 162, 441 N.E.2d at 320; *Gleason v. Carter*, 212 Ill. App. 3d 206, 208, 570 N.E.2d 1196, 1197 (1991)). Accordingly, before costs can be allocated to the losing party in a lawsuit, there must be statutory authority, and any assessed costs are limited to those specifically allowed by statute. *Galowich I*, 92 Ill. 2d at 162, 441 N.E.2d at 320. However, "[w]hile the power to impose costs must ultimately be found in some statute, the General Assembly may grant the power in general terms to the courts, which may in turn make rules or orders under which costs may be taxed and imposed." *Gebelein v. Blumfield*, 231 Ill. App. 3d 1011, 1013, 597 N.E.2d 265, 267 (1992); see also *Galowich I*, 92 Ill. 2d at 162, 441 N.E.2d at 320.

Section 5—108 of the Code of Civil Procedure provides as follows:

> "Plaintiff to recover costs. If any person sues in any court of this state in any action for damages personal to the plaintiff[ ] and recovers in such action, then judgment shall be entered in favor of the plaintiff to recover costs against the defendant, to be taxed, and the same shall be recovered and enforced as other judgments for the payment of money ***." 735 ILCS 5/5—108 (West 1998).

While this statute authorizes the award of costs to a successful plaintiff, it does not specify what items of costs are allowable. Plaintiffs rely on Supreme Court Rules 204(c) and 208(d) (166 Ill. 2d R. 204(c); 134 Ill. 2d R. 208(d)), which they allege grant the specific authority necessary to tax as costs the professional fees charged by plaintiffs' treating physicians for their evidence depositions.

Supreme Court Rule 204(c) relates to the depositions of physicians but specifically refers to "[t]he *discovery* depositions of nonparty physicians being deposed in their professional capacity." (Emphasis added.) 166 Ill. 2d R. 204(c). Supreme Court Rule 204(c) provides for a reasonable fee to be paid to a physician for the time he or she spends testifying in a discovery deposition and sets forth the general rule that

the party at whose instance the deposition is taken should pay the fee, but it allows a court to make exceptions to the general rule. 166 Ill. 2d R. 204(c). Even though the instant cases concern fees charged by treating physicians for evidence depositions, not discovery depositions, we agree with plaintiffs. The spirit of Supreme Court Rule 204(c) indicates a strong desire to ensure that physicians are properly compensated for the time they spend giving depositions. While Supreme Court Rule 204(c) refers to "discovery depositions," it reflects our supreme court's recognition and acknowledgment that a treating physician's time is valuable, and it orders a reasonable fee to be paid to a physician for the time he or she spends testifying in a deposition. The rule states in pertinent part:

> "A party shall pay a reasonable fee to a physician for the time he or she will spend testifying at any such deposition. Unless the physician was retained by a party for the purpose of rendering an opinion at trial, *or unless otherwise ordered by the court*, the fee shall be paid by the party at whose instance the deposition is taken." (Emphasis added.) 166 Ill. 2d R. 204(c).

The plain language of the rule provides that, with regard to a discovery deposition, a physician must be compensated for the time he or she spends giving the deposition, and a trial court can tax such fees as costs.

Unlike Supreme Court Rule 204, Supreme Court Rule 208 is not limited to discovery depositions. In *Galowich I*, our supreme court interpreted Rule 208(d) "as authorizing the trial court to tax as costs, in its discretion, the expenses only of those depositions necessarily used at trial." *Galowich I*, 92 Ill. 2d at 166, 441 N.E.2d at 322. In *Galowich I*, the plaintiffs voluntarily dismissed their suit prior to the trial, but the trial court nevertheless taxed against the plaintiffs the cost of the defendants' depositions. Our supreme court refused to allow the plaintiffs to be taxed with the defendants' deposition costs, reasoning that the depositions were not necessary for use at the trial because there was no trial. One of the reasons noted by our supreme court in *Galowich I* for limiting the discretion of a trial court to tax deposition costs against an opponent was to prevent parties from taking unnecessary discovery depositions and then forcing the opposing party to pay for them under Rule 208(d). The *Galowich I* court stated:

> "There has been considerable discussion recently of the tendency of counsel to overuse discovery methods, especially in large cases. [Citation.] We agree with the courts that have found it undesirable to encourage increased deposition taking *** with the prospect that the expense may eventually be recouped in an award of costs." 92 Ill. 2d at 166-67, 441 N.E.2d at 322.

*Galowich I* discourages the taxing of deposition costs and sets forth a two-pronged test for awarding costs for depositions. A trial court is authorized to use its discretion to tax as costs the expenses of only those depositions that are: (1) necessary and (2) used at the trial. *Galowich I*, 92 Ill. 2d at 166, 441 N.E.2d at 322.

In a follow-up case, *Galowich v. Beech Aircraft Corp.*, 209 Ill. App. 3d 128, 568 N.E.2d 46 (1991) (*Galowich II*), our colleagues in the First District expounded on what our supreme court meant by the word "necessary." In *Galowich II*, the plaintiffs in *Galowich I* refiled their lawsuit, and after a trial on the merits, the trial court entered a judgment for the defendants. The defendants then filed a motion that, *inter alia*, asked for the costs of their depositions to be taxed against the plaintiffs. The trial court granted the motion, but the *Galowich II* court held that although the depositions were used by the defendants during the trial for impeachment purposes, it was not going to adopt a rule stating that just because a deposition is used for impeachment it is *"ipso facto* necessary." *Galowich II*, 209 Ill. App. 3d at 142, 568 N.E.2d at 55. The *Galowich II* court explained as follows:

> "Use at trial itself is not sufficient. In order for deposition expenses to be taxed to the losing litigant, the deposition must be necessary. A necessity is something that has the condition or quality of being necessary, that is 'indispensable' or 'needed to achieve a certain result.' [Citation.]" 209 Ill. App. 3d at 142, 568 N.E.2d at 55.

Other courts have applied the "necessarily used at trial" test to determine whether or not deposition fees are recoverable.

For example, in *Perkins v. Harris*, 308 Ill. App. 3d 1076, 720 N.E.2d 1131 (1999), the court held that the plaintiff could recover a nonstatutory witness fee for his or her treating physician's videotaped deposition. The *Perkins* court, applying the *Galowich I* analysis, concluded that the trial court did not abuse its discretion in awarding costs to the plaintiff for the fee charged by the plaintiff's treating physician, Dr. Jacob, because the videotaped deposition was necessarily used at the trial. 308 Ill. App. 3d at 1084, 720 N.E.2d at 1137. The *Perkins* court stated, in pertinent part:

> "Dr. Jacob was the primary treating physician of plaintiff with respect to the auto accident, and Dr. Jacob could not testify live at trial due to his demanding surgery schedule. Dr. Jacob's deposition was an evidence deposition necessarily used at trial: it was played for the jury in lieu of Dr. Jacob's live testimony." 308 Ill. App. 3d at 1080, 720 N.E.2d at 1134-35.

Thus, contrary to defendants' assertion, there is case law that supports the trial court's decision to tax as costs the fees charged by plaintiffs' treating physicians for giving their evidence depositions.

Like the *Perkins* case, in the cases before us, treating physicians gave evidence depositions that were used in lieu of the physicians' testimony at the trials. Defendants do not dispute that the evidence depositions were necessarily used by plaintiffs during the presentation of their cases in chief. In each case, in order to establish damages the treating physician testified regarding the nature, severity, and treatment of the plaintiff's injuries. We believe that the depositions in question meet the requirements of the two-pronged test set forth by our supreme court in *Galowich I*, and we cannot say that the trial court's decision to tax as costs the deposition fees charged by the treating physicians was an abuse of discretion.

■ An award of costs and fees by a trial court is a discretionary matter and will not be disturbed on review absent a clear abuse of discretion. *Perlman v. Time, Inc.*, 133 Ill. App. 3d 348, 355, 478 N.E.2d 1132, 1138 (1985). It is important to remember that the role of a reviewing court is not to substitute its judgment for that of the trial court or even to determine whether the trial court exercised its discretion wisely. *Schoon v. Hill*, 207 Ill. App. 3d 601, 609, 566 N.E.2d 718, 724 (1990). In determining whether the trial court abused its discretion, the question we must consider is whether the trial court acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted. *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 594-95, 572 N.E.2d 1119, 1122 (1991). We find that the trial judge did not abuse his discretion in awarding as costs to plaintiffs the fees charged by plaintiffs' treating physicians for giving evidence depositions used at the trials.

Moreover, we point out that the policy considerations discussed by our supreme court in *Galowich I* as a reason to limit the discretion of a trial court to tax deposition costs against an opponent are not factors in the cases before us. Underlying our supreme court's decision in *Galowich I* was the desire to prevent parties from taking unnecessary discovery depositions and then forcing the opposing party to pay for them under Rule 208(d). *Gleason v. Carter*, 212 Ill. App. 3d 206, 210, 570 N.E.2d 1196, 1199 (1991). However, because the instant case concerns evidence depositions of treating physicians whose testimony was crucial to plaintiffs' cases, such considerations are not relevant here. "Treating physicians are not retained for the purpose of giving an expert opinion at trial[ ] but are consulted, without regard to litigation, to provide medical treatment." *Tzystuck v. Chicago Transit Authority*, 124 Ill. 2d 226, 239-40, 529 N.E.2d 525, 531 (1988). Discovery overuse was not a problem in either of the instant cases.

Defendants cite *Falkenthal v. Public Building Comm'n*, 111 Ill. App. 3d 703, 444 N.E.2d 498 (1982), and *Lee v. Hyster Co.*, 156 Ill. App. 3d 214, 509 N.E.2d 586 (1987), in support of their contention that the trial court abused its discretion in awarding as costs the fees charged by plaintiffs' treating physicians for giving evidence depositions used at the trials. Both *Falkenthal* and *Lee* determined that expert witnesses, like any other witnesses, are only entitled to $20 per day and 20 cents per mile of necessary travel. However, the *Lee* court conceded that fees charged by physicians "are a common necessity of the litigation process, since the testimony of an expert witness especially retained for purposes of litigation is the normal method by which an injured party establishes liability in many cases." *Lee*, 156 Ill. App. 3d at 220, 509 N.E.2d at 591. Since those cases were decided, the supreme court rules have been revised to recognize the practicalities of deposing physicians. *Falkenthal* and *Lee* were decided prior to the 1989 amendment of Supreme Court Rule 204, which changed the language of paragraph (c). The committee comments to Supreme Court Rule 204 state in pertinent part:

"Paragraph (c) was amended in 1989 to provide that a party 'shall pay,' rather than 'may agree to pay,' a reasonable fee to a physician or surgeon for the time the physician or surgeon will spend testifying at any such deposition. This change will clarify the responsibility of the parties to not intrude on the time of physicians. and surgeons without seeing to it that the physicians or surgeons receive reasonable compensation for the time they spend undergoing questioning on deposition." 166 Ill. 2d R. 204, Committee Comments, at 204.

Thus, *Falkenthal* and *Lee* are not controlling in the present cases. Moreover, we point out that *Falkenthal* and *Lee* concerned physicians who were experts retained for purposes of litigation, whereas in the instant case the physicians were all treating physicians.

## CONCLUSION

The power to impose costs must be found in some type of statutory authority, but our General Assembly may grant the power in general terms to the courts, and the courts may in turn make rules or orders under which costs may be taxed and imposed. *Geblin v. Blumfield*, 231 Ill. App. 3d 1011, 1013, 597 N.E.2d 265, 267 (1992). Section 5—108 of the Code of Civil Procedure (735 ILCS 5/5—108 (West 1998)) allows for costs to be taxed against defendants. While Supreme Court Rule 204(c) concerns discovery depositions, not evidence depositions, it nevertheless recognizes the practicalities of dealing with physicians whose time is quite valuable. Furthermore, Supreme Court Rule 208 provides that deposition costs "may in the discretion of the trial court

be taxed as costs." 134 Ill. 2d R. 208(d). In the cases before us, the trial judge determined that plaintiffs were entitled to be reimbursed for the fees charged by the treating physicians for giving their evidence depositions, which were used at the trials. These fees were necessarily incurred by plaintiffs in asserting their rights in court and were not the ordinary expenses of litigation. Therefore, we cannot say that the trial judge erred in awarding as costs the fees charged by plaintiffs' treating physicians for giving evidence depositions used at the trials.

For the foregoing reasons, the judgments of the circuit court of Madison County are hereby affirmed.

Affirmed.

CHAPMAN, P.J., and WELCH, J., concur.