OF

# THE STATE OF NEW JERSEY.

## FEBRUARY TERM, 1906.

WILLIAM J. MAGIE, ORDINARY.

JAMES J. BERGEN, VICE-ORDINARY.

In the matter of the probate of the will of MARTIN NOLAN, deceased.

[Argued January 2d, 1906.  Decided March 27th, 1906.]

When, in a contest pending in the orphans court, evidence is taken by a master, or by the surrogate, or in open court, and reproduced from stenographer's notes, a judge of the court, succeeding a predecessor who sat when the evidence was taken, may use it in determining the question presented in the contest.

On appeal from a decree of the Monmouth county orphans court.

*Mr. Chauncy H. Beasley,* for the appellants.

*Mr. John J. Ely,* for the respondents.

MAGIE, ORDINARY.

This appeal is from a decree of the Monmouth county orphans court admitting to probate the will of Martin Nolan, deceased, and a codicil thereto. The appellants are Michael M. Nolan and William M. Nolan, two of the heirs-at-law and next of kin of the deceased. The decree below was made after a contest which was inaugurated by a caveat filed by said William M. Nolan.

The transcript discloses that after the return of the citation in the orphans court the matter came on and considerable testimony was taken before Judge Heisley, the judge of the orphans court of Monmouth county. Before the testimony was completed Judge Heisley resigned, and Judge Foster was appointed in his place. The testimony was completed before him, and he made the decree appealed from.

When the decree came on for hearing before me, counsel for appellants (who was not the counsel for contestant in the court below) moved that I should direct a retrial of the cause in this court. This motion was put on the ground—*first,* that Judge Foster had considered the proofs which had been taken before Judge Heisley, as well as those taken before him, in determining the question presented, and that there was no real trial before the tribunal in which the decree was made.

When a contested case is pending in the orphans court, and testimony has been taken by a master, or by the surrogate, and the orphans court judge has died or resigned, it is not open to doubt, in my opinion, that such testimony can be used by his successor in office in disposing of the case. It would be absurd to hold that the succeeding judge must begin *de novo,* and direct that all the evidence shall be taken again. When the court, instead of directing the evidence to be taken before a master or before the surrogate, takes it in open court, and the evidence is reproduced from a stenographer's notes, I have no doubt that,

upon the death or resignation of the judge who sat, his successor may use the proofs thus taken in disposing of the issue.

Moreover, it was stated in the argument, and conceded by counsel, that it had been stipulated in open court by the counsel of the contestant and of the proponents, that Judge Foster should read and consider the evidence taken before Judge Heisley, and transcribed from the stenographer's notes, and use it in determining the contest. It also appears that all the testimony, both that before Judge Heisley and that before Judge Foster, is contained in the transcript sent to this court. The whole matter is before me, and I have no doubt of my power to deal with the appeal upon that evidence. I therefore declined to burden the estate with a retrial for that cause.

The motion was further urged upon the ground that counsel for the contestant in the orphans court (who is one of the appellants) failed to attend and cross-examine witnesses on one day. The transcript shows that there was no cross-examination of some witnesses called in rebuttal. If the failure to cross-examine was due to the absence of counsel, and contestant claimed to be injured thereby, he should have sought relief in the orphans court. If it were made to appear in this court that injury to contestant had actually resulted, this court might, perhaps, relieve him by having those witnesses recalled for cross-examination, or otherwise. But there was no ground presented on which it could be adjudged that appellants were in any way injured.

I have therefore considered the case as presented in the transcript.

There is much proof that testator was accustomed to drink intoxicating liquor to excess, and frequently to be so affected thereby as to be incapable of doing business. But there is no evidence that at or about the time of the execution of the will, or afterward, at the time of the execution of the codicil, testator was under the influence of intoxicating liquor. On the contrary, the subscribing witnesses to both instruments (and testator's physician was one of the witnesses to the codicil) agree in declaring testator to have been sober and capable of engaging in the business of making a testamentary disposition of prop-

14

erty. The scrivener, who drew both instruments, at the request and on the instruction of testator, states circumstances which entirely justify his inference that testator possessed, on both occasions, testamentary capacity.

The evidence in favor of the validity of the will and codicil is so overwhelming that I conclude that the decree below must be affirmed, and as I think appellants had no reasonable cause to contest their validity by this appeal, I am obliged to order that they pay the costs and expenses of the litigation in this court.