GREAT NORTHERN RAILWAY COMPANY v. BECHER-BAR-RETT-LOCKERBY COMPANY.[1]

June 11, 1937.

No. 31,293.

[1]Reported in 274 N. W. 522.

R. J. *Hagman* and J. H. *Mulally*, for appellant.
G. H. *Smith* and V. J. *Hermel*, for respondent.

HOLT, JUSTICE.

Plaintiff appeals from the order granting a new trial. Defendant moves to dismiss on the ground that the order is not appealable. 2 Mason Minn. St. 1927, § 9498(4), as amended by L. 1931, c. 252, 3 Mason Minn. St. 1936 Supp. § 9498(4), permits an appeal from such an order, "providing that when an order granting a new trial is based exclusively upon errors occurring at the trial the court shall expressly state in its order or memorandum the reasons for and the grounds upon which such new trial is granted and in such case an appeal may be taken from such order." The record discloses that the action was tried and submitted to Judge Clyde R. White, who died without having filed a decision. Thereupon the attorneys stipulated that plaintiff should obtain a transcript of the testimony and proceedings of the trial before Judge White, and that upon said transcript and the exhibits and upon such oral arguments and briefs, as may be agreed upon or ordered by the court, that the case be presented to and determined by some other judge of the court. Upon the stipulation the case was by the presiding judge referred to Judge Vince A. Day of that court for trial. The respective attorneys appeared before Judge Day, argued and submitted the case to him for decision in accordance with the stipulation, and on November 9, 1936, Judge Day filed his findings of fact and conclusions of law in favor of plaintiff. Thereafter defendant moved for amended findings or a new trial. Before the motion could be heard, Judge Day resigned, and it came on for hearing before his successor, Judge William A. Anderson, who granted a new trial. His memorandum accompanying the order reads:

260

"The motion for a new trial is granted exclusively upon the following grounds, First, that Judge Day did not, by the stipulation of the parties, have jurisdiction to determine the case and make findings on the record made at the trial of the case before Judge White, and, Second, that this Court has no jurisdiction to determine the motion for amended findings or for a new trial on the grounds that the findings made by Judge Day are not justified by the evidence and are contrary to law. This court has not determined the questions of the amendment of the findings or motion for new trial on the ground that the findings are not justified by the evidence and are contrary to law, being of the opinion that it has no authority to do so, and has only authority to order the case retried."

It seems entirely clear that the above memorandum makes the order granting a new trial appealable under the provisions of the statute above set out. The reasons and grounds are fully and plainly stated and present only rulings upon questions of law. The motion to dismiss the appeal is denied.

The cause of action, a money demand within the jurisdiction of the court, was submitted by stipulation of the parties to Judge Day for decision upon a transcript of the testimony and record in a trial of the case before Judge White. The case was by both parties argued and submitted to Judge Day, and that judge made and filed his findings of fact and conclusions of law. We think Judge Anderson erred when ruling that Judge Day was without jurisdiction to try the case upon a transcript of the trial had before Judge White. It is not indispensable that the trial court see and hear every witness who gives testimony in a case. Depositions are admitted in trials with the same effect as if the deponents were on the witness stand. Parties may waive whatever aid the trier of fact derives from the appearance of the witnesses in court and agree to depend wholly upon the effect the printed or written statements of the witnesses will have upon his mind. Behrens v. Kruse, 132 Minn. 69, 155 N. W. 1065, 156 N. W. 1. No doubt a cause might be submitted on depositions alone. And a submission by agreement

upon the record made in a former trial would be upon evidence of the same character as depositions. We conclude that Judge Day had jurisdiction, and his findings of fact and conclusions of law must remain as the final adjudication of the cause of action, unless good ground exists for a new trial.

It is true that we have held that the findings of fact cannot properly be altered or modified by any other judge than the one who heard the evidence. In School District No. 1 v. Aiton, 175 Minn. 346, 349, 221 N. W. 424, 425, it was said:

"Without the consent of all the parties he had no right to amend the findings of fact (Bahnsen v. Gilbert, 55 Minn. 334, 56 N. W. 1117); but he had the right to amend the conclusions of law so as to order the judgment called for by the findings of fact; and if any fact found was not sustained by the evidence or there was no finding as to an essential fact required to support the judgment ordered, which fact was in issue and litigated, he possessed the power to grant a new trial."

This was said of the judge who was selected to hear a motion to amend findings or grant a new trial after the judge who made the findings had become incapacitated through illness to act. It is apparent that the rule forbidding the modification of findings of fact by any other judge than the one who made them arose from the circumstance that where witnesses give their testimony in the presence and hearing of the trial judge he is thereby better able to determine the worth and weight of the testimony than one who has not seen or heard the witnesses on the stand. The reason for the rule is wholly absent where parties have submitted the cause of action upon depositions or upon a transcript of the evidence in a former trial. So we conclude that Judge Anderson erred when he refused to consider defendant's motion on its merits on the ground that he lacked authority to modify Judge Day's findings of fact. He is in the same position Judge Day would have been had the motion been presented to the latter. The findings were made upon the transcribed record of the former trial, and upon that alone, unaided by the appearance or demeanor of any witness. Any

modification or alteration of such findings must likewise rest on the transcript alone.

It is settled that the successor of an incapacitated judge is empowered to determine a motion for new trial on its merits. The court below refrained from so doing on the erroneous view of the law that he lacked power so to do. In this case, for the reason already stated, Judge Anderson was in as good position to pass on the motion for a new trial as would have been Judge Day, if available. And even if he were not, he had the power and authority to hear and determine the motion for a new trial on the merits within the rule stated in Noonan v. Spear, 125 Minn. 475, 147 N. W. 654, and the authorities therein referred to.

The order is reversed.

