*In re* MARRIAGE OF THEDA SORENSON, Petitioner-Appellant, and LARRY SORENSON, Respondent-Appellee.

Fifth District   No. 5—84—0060

Opinion filed September 28, 1984.

David C. Hoffman, of Ripplinger, Dixon & Hoffman, of Belleville, for appellant.

Angelia Blackman-Donovan, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Theda ·Sorenson (petitioner) appeals a judgment of the circuit court of Madison County dissolving her marriage to Larry Sorenson (respondent). The issues presented are (1) whether the trial judge possessed authority to make certain findings of fact upon which the judgment was based and, (2) assuming such authority, whether these findings were against the manifest weight of the evidence.

The petition for dissolution of marriage was filed on January 14, 1983. On this date, petitioner also filed a petition for temporary custody of the parties' three-year-old daughter, Sarah. A hearing on the latter petition was held on January 26, 1983, before Judge Lola Maddox. On January 31, 1983, Judge Maddox entered an order granting

temporary custody of Sarah to respondent. Judge Maddox also presided over the hearing on the issues of permanent child custody and distribution of marital assets, held on March 15 and 16, 1983.

On July 18, 1983, Judge Maddox entered an order recusing herself from the case. The case was reassigned to Judge Wendell Durr on August 4, 1983. On August 9, 1983, Judge Durr issued an order directing petitioner to file within 30 days transcripts of the prior hearings before Judge Maddox. The order contained the following statement:

> "It is the court's thought that this matter should be disposed of promptly and without further and unduly burdensome time consumption or financial injury to the parties, and that those goals could best be achieved by entry of a judgment based on a review of the Common Law Record and the transcript of the testimony already presented, rather than the requiring of further hearings."

Judge Durr also stated in the same order that a motion to withdraw filed by petitioner's attorney "is not acted upon at this time." Judge Durr issued an additional order on August 10, 1983, stating that "[a]ny objections to the procedure set forth in the Order of Aug. 9, 1983 for resolving the issues herein shall be set forth and filed by Sept. 7, 1983."

In a letter dated August 30, 1983, petitioner informed Judge Durr that she had received notice of her attorney's withdrawal from the case, and that she (petitioner) was unable to afford another attorney. Petitioner informed the judge that although she had no objection to the court's entering judgment based upon transcripts of the prior hearing, she would be unable to pay for the transcripts until September 1. On September 6, 1983, Judge Durr issued an order approving the withdrawal of petitioner's attorney and noting the contents of petitioner's letter of August 30, 1983. In a letter of September 14, 1983, respondent's attorney agreed to Judge Durr's proposal to enter judgment based upon transcripts of the prior hearings. On September 16, 1983, Judge Durr entered an order acknowledging receipt of the transcripts. On the basis of these transcripts, final judgment was entered on January 6, 1984.

By the terms of the judgment, respondent was granted custody of Sarah Sorenson, subject to petitioner's right of visitation. Petitioner was granted a continuation of temporary maintenance in the amount of $200 per month through April, 1984. Petitioner appeals the judgment, contending that Judge Durr was without authority to enter judgment based solely upon the record of the prior hearings. Peti-

tioner further contends that, if Judge Durr possessed such authority, those portions of the judgment awarding custody of Sarah Sorenson to respondent and terminating petitioner's maintenance were contrary to the manifest weight of the evidence before the court.

The Illinois cases cited by the parties are of limited assistance. Although the appellate court has held that a successor judge may properly issue an order based upon a predecessor judge's findings of fact (*In re Marriage of Ayers* (1980), 82 Ill. App. 3d 164, 167, 402 N.E.2d 401), the instant case presents a situation where a successor judge issued an order based on original findings of fact discerned from the record of prior proceedings. Moreover, the court in *Ayers* conceded that there was no direct precedent to support its holding. This court held in *Brady v. Brady* (1975), 26 Ill. App. 3d 131, 134, 324 N.E.2d 645, that a trial judge, in determining the merits of a motion to modify a child custody order, could not rely upon testimony presented before another judge in a prior hearing. The facts of *Brady*, however, differ significantly from those of the instant case. No Illinois court has, to our knowledge, delineated the power of a successor judge to make his or her own findings of fact based solely upon transcribed testimony and exhibits; neither have our courts defined the power of litigants to stipulate to such a procedure.

While the courts of other jurisdictions are divided on the issue of whether a successor judge may make findings of fact based upon a transcript of proceedings over which another judge presided, it is generally held that such a procedure is improper in the absence of a stipulation by the parties. (See generally Annot., 22 A.L.R. 3d 922 (1968).) The rationale of this holding is the longstanding principle that a litigant is entitled to a resolution of factual questions by a trier of fact who has been afforded an opportunity to assess the credibility of witnesses by observing their demeanor. The seriousness with which this principle is regarded is evidenced by the fact that even when parties stipulate to a resolution of factual questions by a successor judge who reviews a record of prior proceedings, a new trial may nevertheless be warranted where critical determinations necessarily hinge upon the credibility of one witness or set of witnesses over another. (*Moore Golf, Inc. v. Lakeover Golf & Country Club, Inc.* (1975), 49 App. Div. 2d 583, 370 N.Y.S. 2d 156.) Such determinations, we believe, were present in the instant case.

■ ■ The overriding concern of a court in a dispute over child custody is the arrangement which will best serve the interests of the child. (Ill. Rev. Stat. 1981, ch. 40, par. 602.) The transcript upon which Judge Durr based his decision is replete with contradictory tes-

timony. Each party stands accused of emotional insensitivity, violent behavior, and moral turpitude of one sort or another. Various witnesses support and controvert these allegations, any one of which, if true, would cast serious doubt upon the ability of the party in question to provide a suitable home for his or her child. Judge Durr could have reached his decision only by weighing the testimony as it appeared in the transcript and necessarily attributing greater credibility to the testimony of respondent and the witnesses called on respondent's behalf. Where the testimony of the respective parties and their witnesses was contradictory on matters crucial to a determination of comparative parental fitness, we do not believe the interests of Sarah Sorenson were best served by credibility thus attributed on the basis of data which was inherently incomplete. If, by reason of their stipulation, Theda and Larry Sorenson were not entitled to a determination of their comparative parental fitness by a trier of fact who was afforded the opportunity to discern truthfulness by observing the demeanor of contradictory witnesses, Sarah Sorenson, whose life is singularly affected by such a determination, was so entitled. On this basis, we find the stipulation, insofar as it relates to a finding of parental fitness, inconsistent with the declared policy of our State and, as such, inoperative. We need not address the question of whether the stipulation was effective with regard to the trial judge's finding concerning the propriety of maintenance. Because an award of maintenance involves an evaluation of the financial needs of both parties, and since such an evaluation is necessarily affected by a determination of child custody, the trial court, in the remanded hearing, must be empowered to redetermine the relative economic needs of each spouse and the remedies appropriate to the situation.

The judgment of the trial court is vacated, and the cause is remanded for a new hearing.

Judgment vacated; cause remanded.

WELCH, P.J., and KARNS, J., concur.