*In re* MARRIAGE OF JOHN FOTSCH, Petitioner-Appellee, and CATHERINE WILSON, Respondent-Appellant.

First District (1st Division)   No. 85—831

Opinion filed December 9, 1985.

Kerr & Longwell, of Chicago, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The present cause comes before this court as a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), and concerns a trial judge's authority to adjudicate a matter in part upon transcripts of prior proceedings before another judge. The underlying matter is a contested petition for a change of child custody.

The record reveals that in November 1982 the circuit court entered a judgment dissolving the nine-year marriage of John Fotsch (John) and Catherine Fotsch, now Catherine Wilson (Catherine). Incorporated in the judgment of dissolution was a marital settlement agreement which contained the following provision with regard to custody of the parties' two minor children:

"Without making a current determination of the fitness of either party to have permanent care, custody, control and education of the minor children, the temporary legal custody of the minor children shall be with the Husband subject to the rights of the Wife as stated herein. In six months, this court upon petition, shall determine if joint custody is feasible. Each party has agreed to visit the Marriage and Family Counseling Service of the Circuit Court of Cook County within said six month period."

In May 1983, Catherine filed a petition for change of custody. The case was subsequently assigned to Judge Susan Ruffolo for trial. Trial on the matter continued for a total of 14 days, through May 29, 1984.

On June 11, 1984, Judge Ruffolo, on motion, recused herself and the cause was transferred to Judge Howard Kaufman. Judge Kaufman began hearing the case from the point at which the parties had stopped in the proceedings before Judge Ruffolo. In January 1985, Catherine filed a motion requesting that Judge Kaufman adjudicate the case partly on the basis of the transcripts of the hearings before Judge Ruffolo and partly upon the testimony being adduced before him. All parties, including the attorney representing the children, stipulated to the transcripts of testimony before Judge Ruffolo being used by Judge Kaufman. Judge Ruffolo had heard testimony from both Catherine and John and their new spouses, a child psychiatrist called on Catherine's behalf, three of Catherine's friends, the children's teachers, Catherine's therapist, John's neighbor and the former husband of John's new wife. Judge Kaufman heard evidence from a psychologist, a psychiatrist, a pediatrician called by John and a psychologist called by the attorney for the children. Upon resumption of trial the children's attorney plans to call a psychiatrist. Catherine's attorneys plan to recall the parties, a psychologist and other witnesses during her rebuttal case.

In an order dated January 31, 1985, Judge Kaufman found that he was confident of his ability to proceed in the manner requested in Catherine's motion, but he held that he was absolutely precluded from doing so because of the case of *In re Marriage of Sorenson* (1984), 127 Ill. App. 3d 967, 469 N.E.2d 440. In a second order entered on March 12, 1985, Judge Kaufman found that his prior order involved a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation. He therefore certified the following question of law for our review pur-

suant to Supreme Court Rule 308 (87 Ill. 2d R. 308):

"Whether the Court has authority, upon stipulation by the parties, to adopt the transcript of testimony taken in the same proceedings before a different judge, where the parties, their present spouses and all expert witnesses, whose testimony was transcribed will be called to testify again before the Court as to other facts, but will not testify as to matters about which they have previously testified nor will such cross-examination be permitted, but other witnesses, namely independent occurrence witnesses, will not be recalled, (to wit: Heather Sawyer, Dr. Gerald Blechman, Catherine Johnson, James Gill, Judy Pringle, Margery Smentek, Rae Stone, Kathy Reinhardt, and Barbara Koller.)"

We granted leave to appeal.

In answering the question certified for our review, we initially will review the facts of *Sorenson*. That case involved an entire dissolution proceeding, including a contested child custody dispute, which was tried before a single judge of the Madison County Circuit Court. After hearing all of the evidence, but before rendering a decision, the judge recused herself and the case was reassigned to another judge of the same circuit. Thereafter, the successor judge, on his own motion, ordered that the transcripts of testimony heard by the first judge should be filed with him for consideration, reasoning that the case might be most expeditiously concluded in that manner. In a second order entered on August 10, 1983, the successor judge ordered that any objections to his proposed procedure should be filed by September 7, 1983. In a letter dated August 30, 1983, the wife informed the court that her attorney was withdrawing and she had no funds to hire new counsel. She further stated that she had no objection to the court entering judgment on the transcripts, but that she would need additional time to pay for them. The husband, who was still represented by counsel, advised the court that he had no objection to the proposed procedure. Consequently, the successor judge proceeded as proposed and granted custody to the husband. The wife appealed, contending that the judge was without authority to enter judgment solely on the record of the prior hearing.

On review, the Illinois Appellate Court, Fifth District, reversed, primarily on considerations of public policy. The court held that the trial court's stipulations to the reliance on the transcripts "insofar as it relates to a finding of parental fitness, [is] inconsistent with the declared policy of our State, and, as such, inoperative." (127 Ill. App. 3d 967, 469 N.E.2d 440.) The court further stated it had an

overriding concern with the best interests of the child and was not satisfied that those interests had been served by a proceeding in which the court had not been afforded the opportunity "to discern truthfulness by observing the demeanor of contradictory witnesses." 127 Ill. App. 3d 967, 970.

The facts of the present case differ significantly from *Sorenson*. One factor of that case which is absent from the case at bar is that Mrs. Sorenson, at the time she indicated she had no objection to the judge's procedure, was unrepresented by counsel and unable to afford to be represented. As such, she may well have been regarded by the *Sorenson* court as constrained by her circumstances to such a degree that the voluntariness of her agreement was subject to question. We also note that in the case at hand the request to have the transcripts reviewed originated from the parties and was unanimously agreed to. In *Sorenson* the idea originated with the court and the parties were advised by letter, thereby placing the burden on them to object. A third distinction, which we find particularly significant, is that it appears from the *Sorenson* opinion that the minor child was unrepresented by counsel. In the present case, an attorney served as guardian *ad litem* for the children and joined in agreement to the use of the transcripts. As such, the interests of the children in this case are being represented and protected.

Finally, in *Sorenson*, the successor judge entered the judgment based solely on the transcripts of the prior hearing and never heard testimony from a single witness—not even the parties. In the case before us, the successor judge will have an opportunity to hear testimony from the parents, their experts and various other witnesses, and will have an opportunity to interview the children *in camera*.

■ We believe that the facts and circumstances in *Sorenson* are too dissimilar from the case at bar and that the policy considerations expressed there are not applicable here. As such, we do not find *Sorenson* controlling in the case before us.

■ Moreover, we observe that *Sorenson* is inconsistent with the well-established law of this State and many others. It has long been the law in Illinois and other jurisdictions that transcripts of prior testimony may be used by a successor judge if such procedure is consented to by all parties. *Fitchburg Steam Engine Co. v. Potter* (1904), 211 Ill. 138, 71 N.E. 933; *Kirshenbaum v. City of Chicago* (1976), 43 Ill. App. 3d 529, 357 N.E.2d 571; *Christopher v. Nelson* (1973), 50 Mich. App. 710, 213 N.W.2d 867; *Great Northern Ry. Co. v. Becher-Barrett-Lockerby Co.* (1937), 200 Minn. 258, 274 N.W. 522; *In re Nolan's Will* (1906), 71 N.J. Eq. 207, 63 A. 618; *Thomas-Bon-*

*ner Co. v. Hooven, Owens & Rentschler Co.* (6th Cir. 1922), 284 F. 386.

In *Kirshenbaum*, cited above, the trial court granted the plaintiffs' motion for a new trial in a personal injury case. The case was then assigned to a new judge and all of the parties stipulated to having the successor judge decide the case entirely on the record of the first trial. The successor judge held for the plaintiffs and the defendants appealed, contending that since the first judge was the only one who heard the witnesses testify, the second judge was bound by his initial finding and, therefore, they should prevail. This court rejected that contention, holding that "the second judge was free to make whatever decision he thought proper." (*Kirshenbaum v. City of Chicago* (1976), 43 Ill. App. 3d 529, 531, 357 N.E.2d 571.) The fact that credibility issues were involved was not viewed as a limitation on the use of the record from the first trial.

Similarly, in *Great Northern Ry. Co.*, the Minnesota Supreme Court held that a successor judge had jurisdiction to make findings upon the transcripts of evidence adduced at trial before another judge. The court stated that it was not indispensable that the trial court see and hear every witness who gives testimony in a case. It reasoned that depositions are admitted in trials with the same effect as if the deponents were on the witness stand, and that "parties may waive whatever aid the trier of fact derives from the appearance of the witnesses in court and agree to depend wholly upon the effect the printed or written statements of the witnesses will have upon his mind." (*Great Northern Ry. Co. v. Becher-Barrett-Lockerby Co.* (1937), 200 Minn. 258, 260, 274 N.W. 522, 523.) This reasoning is applicable in the instant case since Illinois permits depositions to be used as evidence at trial. 87 Ill. 2d R. 212.

The *Sorenson* court did not cite any of the above authorities. Rather, it relied solely on *Moore Golf, Inc. v. Lakeover Golf & Country Club, Inc.* (1975), 49 App. Div. 2d 583, 370 N.Y. Supp. 2d 156, for the rule that "even when parties stipulate to a resolution of factual questions by a successor judge who reviews a record of prior proceedings, a new trial may nevertheless be warranted where critical determinations necessarily hinge upon the credibility of one witness or set of witnesses over another." (*In re Marriage of Sorenson* (1984), 127 Ill. App. 3d 967, 969, 469 N.E.2d 440.) The *Moore* decision, however, was a memorandum of the New York Appellate Division, a lower court of review, and was devoid of any judicial reasoning or even a single reference to precedent. Such a case is therefore poor authority with which to upset the long established practice of

this State.

■ We further observe that while the *Sorenson* court premised its decision on Illinois' policy of concern for the best interests of children, it did not explain why that policy requires a trial *de novo* without regard to whether the record supports the trial court's resolution of the custody issue. We fail to see how children are best served by having their parents reduced to penury by multiple trials. We also note that an added protection exists in child custody cases since the circuit court retains jurisdiction during the child's minority to modify its custody orders. (*Richton v. Richton* (1963), 45 Ill. App. 2d 128, 195 N.E.2d 265.) Hence, there is no need to make custody cases the subject of an exception to the general rule that successor judges may, upon stipulation, adjudicate the case on the prior record.

■ It may well be that, based on the particular facts before it, the *Sorenson* court was correct in holding that the agreement to have the judgment entered solely on transcripts was inoperative. However, we cannot conclude that this holding rises to a general rule that transcripts may never be considered in child custody cases, particularly in cases where, as here, the children's attorney consents to the use of the transcripts. Such an inflexible rule would needlessly lengthen litigation and burden a class of litigants which is generally little able to afford the cost of such proceedings.

Accordingly, in view of our reasoning above, the question certified for our review is answered in the affirmative. We further vacate the order denying Catherine's motion for the trial court to consider transcripts of prior proceedings. The cause is therefore remanded to the trial court for further proceedings consistent with this opinion.

Judgment vacated; cause remanded.

CAMPBELL and QUINLAN, JJ., concur.