*In re* MARRIAGE OF TIMOTHY G. MAROON, Petitioner-Appellee, and JOLENE R. MAROON, Respondent-Appellant.

Fifth District No. 5—87—0142

Opinion filed January 25, 1988.

LeFevre, Zeman, Oldfield & Schwarm Law Group, Ltd., of Vandalia (Larry L. LeFevre, of counsel), for appellant.

R. Dan Winnett, of Runge & Gumbel, P.C., of Collinsville, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

On November 7, 1986, the circuit court of Bond County entered a judgment which dissolved the marriage of petitioner, Timothy Maroon, and respondent, Jolene Maroon; awarded custody of the parties' child, Derek, to petitioner; and granted respondent certain visitation rights. Respondent promptly filed a post-trial motion. While that motion was pending, petitioner moved for a rule to show cause why respondent should not be held in contempt for refusing to abide by the visitation provisions of the court's judgment. Following a hearing, the court issued an order which, *inter alia*, denied respondent's post-trial motion and found her to be in contempt of court. This appeal followed. We reverse and remand.

Petitioner originally filed for dissolution on August 27, 1986. At the same time, he moved for an order of protection pursuant to the Illinois Domestic Violence Act (Ill. Rev. Stat. 1985, ch. 40, par. 2301—1 *et seq.*). The circuit court, Judge Clayton Williams presiding, granted the motion, *ex parte*, and ordered respondent not to remove Derek from Illinois. The court further ordered that petitioner was to have temporary custody of the child, and it scheduled a hearing on extension of its order for September 3.

Presiding at the September 3 hearing was Judge Daniel Stack. During the hearing, testimony was presented by petitioner, respond-

ent, petitioner's mother, respondent's aunt, and two witnesses who were acquaintances of the parties. Based upon this testimony, Judge Stack extended the order of protection for a period not to exceed six weeks and set a hearing on the merits of the dissolution proceeding for October 15, 1986.

The October 15 hearing was conducted by a third judge, the Hon. Wendell Durr. At the outset of the hearing, Judge Durr asked counsel:

> "Are you in a position where you might be able to state what your respective testimony would be and agree to that without— not agree to the accuracy of it, but agree that that would be the testimony without the time consumption of direct and cross and redirect, and all that, or do you need to go through that?"

In response, counsel for the parties agreed that they could relate what their respective witnesses had testified to at the prior hearing and stipulated that the testimony would be the same if those witnesses were called again. Counsel then proceeded to summarize the testimony for the court. There was no stipulation as to any facts. Counsel merely advised the court as to what the various witnesses had said and what certain exhibits had shown.

After evidence from the prior hearing was thus presented, the parties called various witnesses to give additional testimony. These witnesses included petitioner, respondent, and petitioner's mother, each of whom had testified previously. Testimony was also adduced from new witnesses, including petitioner's former employer, respondent's mother, petitioner's sister, a counselor, Derek, and a woman who had done babysitting for the parties. Three witnesses from the prior hearing, respondent's aunt and the two acquaintances of the parties, were not called again.

Based upon counsel's summary of the evidence from the prior hearing and the additional testimony and exhibits adduced at the October 15 hearing, Judge Durr entered a judgment dissolving the parties' marriage, awarding custody of Derek to petitioner, and giving respondent visiting privileges as follows:

> "One (1) week at Christmas and three (3) weeks in the summer; transportation by air to be paid by Mother at Christmas and by the Father in summer, ground transportation to be by Mother to Texas and Father back to Illinois; Mother is to have liberal visitation when in Bond County, Illinois."

Thereafter, respondent filed her post-trial motion.

While the post-trial motion was pending, Derek visited respondent in Texas, where she now resides, for the Christmas holiday. The visit commenced on or about December 18, and Derek was to fly back to

Illinois a week later. Instead of returning Derek to Illinois, however, respondent decided to keep him with her. Respondent was subsequently arrested in Texas on an Illinois warrant, apparently for child abduction, and she and Derek were transported back to this State. Contending that respondent's refusal to voluntarily return Derek from Texas constituted a violation of the Illinois court's judgment of dissolution, petitioner moved for a rule to show cause why respondent should not be held in contempt.

A hearing was held in February 1987, on the rule to show cause, a motion by respondent to quash the rule to show case, and on respondent's post-trial motion. On February 18, the court denied both the motion to quash and respondent's post-trial motion and found respondent to be in contempt. In connection with its finding of contempt, the court ordered respondent to post a $1,000 bond and to pay all costs incurred during the remainder of 1987 and 1988 to transport Derek between Illinois and Texas for visitation.

On her appeal, respondent argues that she should not have been held in contempt. We agree. This dissolution proceeding is subject to the Illinois Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—101 *et seq.*). (Ill. Rev. Stat. 1985, ch. 40, par. 105(a).) Section 2—1203(b) of that law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(b)) provides that a timely post-trial motion "stays enforcement of the judgment." Because respondent's post-trial motion was pending at the time she is claimed to have violated the terms of the judgment here, the judgment was therefore stayed and could not serve as the predicate for contempt. *Harris v. Spencer* (1967), 86 Ill. App. 2d 41, 48, 229 N.E.2d 16, 19.

There is no merit to petitioner's assertion that section 13 of the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1985, ch. 40, par. 2113) justified the trial court's contempt ruling. That statute expressly provides that custody determinations by courts of this State are binding and conclusive until modified. In our view, the statute applies only to final custody judgments which were not appealed within the statutory period or to those in which appellate review has concluded. We find nothing in the statutory language or the case law suggesting that it was meant to supersede or alter the general rule of section 2—1203(b) of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(b)). Accordingly, the trial court erred in holding respondent in contempt and in requiring her to post a bond and pay Derek's transportation expenses for 1987 and 1988.

Respondent further contends: (1) that the circuit court erred when it extended the domestic violence order of protection in September, (2) that the award of custody to petitioner was against the manifest

weight of the evidence, and (3) that Judge Durr should not have relied on the attorneys' summary of evidence previously presented to Judge Stack in making his custody determination. We shall consider first the use of the summarized evidence.

In *In re Marriage of Sorenson* (1984), 127 Ill. App. 3d 967, 469 N.E.2d 440, this court vacated a dissolution judgment entered by Judge Durr where the record showed that he had based his decision as to child custody on transcripts of prior hearings before a different judge. Our decision was premised on the belief that where evidence is contradictory on matters crucial to a determination of comparative parental fitness, the best interest of the child will not be served unless the trier of fact is able to discern the truth by personally observing the demeanor of the conflicting witnesses.

The procedure followed by Judge Durr here is no more acceptable than that condemned by us in *Sorenson*. As in *Sorenson*, the procedure was proposed by the court, not the litigants. No guardian or independent attorney represented Derek and could object on his behalf. The evidence as to comparative parental fitness was unquestionably contradictory; yet in this case, Judge Durr did not even have the benefit of transcripts to guide his decision. Although, as we have noted, some of the same witnesses were ultimately called to give live testimony after the summaries of the earlier evidence were presented, other witnesses were not. Moreover, the testimony of the witnesses who were called again was not simply a duplication of their testimony at the prior hearing. How a witness responds to certain questions is not necessarily indicative of how he or she would respond to others. Thus, we do not believe that the credibility of the witnesses' testimony at the prior hearing could be judged simply by how they responded to subsequent questioning before Judge Durr. Accordingly, the presentation of live testimony at the second hearing did not cure the problems we cited in *Sorenson*.

For the foregoing reasons, the dissolution judgment of the circuit court of Bond County is reversed insofar as it awarded custody of Derek to petitioner. The court's order finding respondent in contempt, ordering her to post a bond, and requiring her to pay transportation expenses is also reversed, and the cause is remanded for further proceedings consistent with this opinion. In light of this disposition, we need not address the additional issues raised by respondent.

Judgment and order reversed; cause remanded.

KARNS and LEWIS, JJ., concur.