*In re* MARRIAGE OF GINA LYNN (TURNER) AKINS, Petitioner-Appellant, and JAMES ANTHONY TURNER, Respondent-Appellee.

Fifth District No. 5—88—0482

Opinion filed September 26, 1989.

J.C. Mitchell, of Mitchell & Armstrong, Ltd., of Marion, for appellant.

Paul Thomas Austin, of Marion, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The petitioner, Gina Akins, and the respondent, James Turner, were married on March 25, 1978. Their marriage produced three children, James Allen Turner, born October 4, 1978, Jennifer Turner, born January 22, 1981, and Julie Turner, born October 29, 1982. On September 25, 1986, the petitioner filed for dissolution of the marriage. On January 13, 1987, the respondent answered, and on March 27, 1987, the parties appeared and the circuit court of Williamson County heard testimony. The respondent filed a petition for temporary relief on May 28, 1987, alleging that the petitioner had refused to permit him to visit with the children. On October 13, 1987, the petitioner filed

for leave to remove the children from the State of Illinois, alleging financial distress and the fact that employment was available in North Carolina. On October 23, 1987, the court held a hearing on these two petitions and subsequently ordered the children to remain in the State of Illinois. Judge Arlie Boswell was thereafter unable to continue hearing the cause, and on November 24, 1987, a different judge, Judge C. David Nelson, heard testimony regarding the permanent custody of the children. At that hearing the parties stipulated that Judge Nelson could review the transcript of the earlier proceeding, Judge Nelson stating that "[a]s I understand it, both sides are in agreement that I should read and rely upon to the extent possible, the transcript of the proceedings that were had before Judge Boswell." On May 10, 1988, Judge Nelson entered the judgment of the circuit court. The court found that the best interests of the children lay in having their legal custody vested in the respondent and ordered petitioner to pay $150 per month child support pursuant to section 505 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1987, ch. 40, par. 505). The petitioner appeals. We vacate the lower court's judgment and remand the cause for further proceedings consistent with this opinion.

■ As this court has previously noted, the overriding concern of a court in a dispute over child custody is the arrangement which will best serve the interests of the children. (*In re Marriage of Sorenson* (1984), 127 Ill. App. 3d 967, 969, 469 N.E.2d 440, 442; see also Ill. Rev. Stat. 1987, ch. 40, par. 602 ("[t]he court shall determine custody in accordance with the best interest of the child").) The trial court is in a unique position to assess the demeanor and credibility of witnesses (*In re Marriage of Holder* (1985), 137 Ill. App. 3d 596, 600, 484 N.E.2d 485, 489), and while the court on review does not require the lower court to make specified findings or recitals concerning evidence presented in compliance with section 602 of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 602) in rendering the court's decision regarding child custody, the record must contain sufficient evidence concerning those findings to support the judgment. (*Hollo v. Hollo* (1985), 131 Ill. App. 3d 119, 126, 474 N.E.2d 827, 833.) The petitioner contends on this appeal that the trial court erred in considering evidence obtained from a previous hearing held before a different judge in determining custody of the children. We agree.

In *In re Marriage of Sorenson* (1984), 127 Ill. App. 3d 967, 469 N.E.2d 440, this court vacated a dissolution judgment entered by the trial court where the record showed that the court had based its decision as to child custody on transcripts of prior hearings before a differ-

ent judge. Our decision was premised on the belief that where evidence is contradictory on matters crucial to a determination of comparative parental fitness, the court does not serve the best interests of the child unless it has the ability to discern the truth by personally observing the demeanor of the conflicting witnesses.

The procedure followed here is no more acceptable than that condemned by us in *Sorenson*. The evidence before Judge Nelson, the trial judge who determined the issue of custody, consisted primarily of the transcript of the earlier proceeding before Judge Boswell, a transcript which is replete with contradictory testimony concerning physical abuse, among other things. The sole evidence presented at the hearing before Judge Nelson on November 24, 1987, consisted of the testimonies of the psychologist, Dr. Gordon Plumb, and the respondent's aunt, Marilyn Hicks.

■ The judge thus apparently weighed the evidence as it appeared in the earlier trial transcript, attributing greater credibility to the testimony of respondent and the witnesses called on his behalf. Where the testimony of the respective parties and their witnesses was contradictory on matters crucial to a determination of comparative parental fitness, we do not believe the interests of the child were best served by credibility thus attributed on the basis of data which were inherently incomplete. If, by reason of their stipulation, the parents were not entitled to a determination of their comparative parental fitness by a trier of fact who was afforded the opportunity to discern truthfulness by observing the demeanor of contradictory witnesses, the child, whose life is singularly affected by such a determination, was so entitled. (See *Sorenson*, 127 Ill. App. 3d at 970, 469 N.E.2d at 442.) On this basis, we hold, as we held in both *Sorenson* (127 Ill. App. 3d at 970, 469 N.E.2d at 442), and in a subsequent disposition, *In re Marriage of Maroon* (1988), 165 Ill. App. 3d 529, 532, 519 N.E.2d 49, 52, that the parties' stipulation to the court's consideration of a transcript of a prior hearing, insofar as it relates to a determination of child custody, is inconsistent with the declared policy of our State and, as such, is inoperative. Since this cause requires remandment, it is unnecessary for us to rule on the remaining issues in the petitioner's brief.

For the foregoing reasons, we vacate the judgment of the trial court and remand the cause for a new hearing consistent with this opinion.

Vacated and remanded.

RARICK and GOLDENHERSH, JJ., concur.